In re Faye F. **RASMUSSEN**, Debtor.

**Robert E. Disch, Plaintiff–Appellee,**

v.

**Faye F. Rasmussen, Defendant–Appellant.**

No. 03–C–0153–C.

United States District Court,
W.D. Wisconsin.

Aug. 4, 2003.

Michael E. Kepler, for Plaintiff.

Charles W. Giesen, Giesen Law Office, Madison, WI, for Defendant.

## OPINION AND ORDER

CRABB, Chief Judge.

Defendant-appellant Faye F. Rasmussen appeals from an order of the United States Bankruptcy Court for the Western District of Wisconsin, contending that the bankruptcy court erred in its handling of her bankruptcy proceeding. Appellant filed her individual bankruptcy proceeding under Chapter 7 in February 2002. Plaintiff-appellee Robert E. Disch filed a timely adversary complaint, seeking relief under 11 U.S.C. § 523 in the form of a denial of a discharge on the debt owed to him. Neither then nor at any time prior to the adversary hearing in December 2002, did appellee ask for relief under 11 U.S.C. § 727, which provides a mechanism under which a creditor can ask the bankruptcy court to deny discharge as to *all* of the debtor's debts. (Bankr.R. 4004 requires creditors seeking such relief to file within 60 days of the first date set for the creditors' meeting.) In accordance with its usual practice, the bankruptcy court granted appellant a discharge in August 2002, reserving for the adversary hearing a determination of appellant's obligation to appellee.

At the adversary hearing, appellee argued for the first time that the bankruptcy court should deny appellant a discharge pursuant to § 727(a)(2),(3) and (5), as well as under § 523(a)(2)(4) and (6). Appellant objected to the bankruptcy court's consideration of § 727 on the ground that appellee had never raised any claims under that section. She argued also that appellee had not proven the necessary elements of § 523. In her view, she was entitled to discharge of her debt to appellee because appellee had failed to raise timely claims under § 727 and he was unable to prove that § 523 should bar discharge of the debt. The bankruptcy court agreed with appellant that § 523 was no obstacle to her discharge but granted appellee's motion to amend the pleadings to conform to the evidence the parties had adduced. It found that appellant would not be prejudiced by such an amendment and that appellant's conduct required the revocation of her earlier discharge. The bankruptcy judge acknowledged that § 727 did not support a revocation of the discharge but exercised the court's equitable powers under 11 U.S.C. § 105(a) to achieve that result. It then ordered the entry of judgment in favor of appellee in the amount of $657,700.

Appellant brought this appeal, contesting the bankruptcy judge's actions and decisions and contending that he had erred in revoking discharge, when appellee had not filed a complaint asking for the denial of discharge within 60 days after the first date set for the meeting of creditors. Jurisdiction is present under 28 U.S.C. § 158(a).

Because appellant has failed to show that she suffered any prejudice from the amendment of the pleadings at the adversary hearing to allow the trial of the § 727 issues, I conclude that it was proper for the bankruptcy court to amend the pleadings to conform to the § 727 evidence, pursuant to Bankr.R. 7015. Rule 7015 incorporates Fed.R.Civ.P. 15 and requires the bankruptcy court to permit amendments that conform to the pleadings if they have been tried by the express or implied consent of the parties (Rule 15(b)) and allows the relation back of pleadings asserting claims arising out of the same conduct, transaction or occurrence set out in the original pleading (Rule 15(c)). Moreover, because all the issues in this appeal depend on the propriety of the bankruptcy court's amendment of the pleadings to include § 727 issues and its exercise of its equitable powers to revoke the appellant's discharge and I find those actions correct, I will affirm the bankruptcy court's decision in all respects.

From the briefs submitted by the parties and the record on appeal, I find the following facts solely for the purpose of deciding debtor's appeal.

## FACTS

Appellant Faye F. Rasmussen, the debtor, operated a café and catering business in Stoughton, Wisconsin, which was known as Faval, Inc. Appellee Robert Disch, a creditor, is a successful businessman who has known appellant socially for more than 40 years.

In late 1999, Faval began to struggle financially. On January 14, 2000, appellant and appellee met to discuss Faval's financial situation. Appellant advised appellee that the business could not obtain credit, that two bank loans would be due that month and that Faval would fail without additional financing. At the end of the meeting, appellee gave appellant a check for $20,000 and promised to provide additional funds soon.

Between January 2000 and May 2001, appellee gave appellant more than $810,000 to use for Faval. Approximately $590,000 of that money came through loans and lines of credit that appellee obtained using his own collateral and personal guarantees. Appellee wrote numerous checks to appellant that were intended to cover operating expenses for Faval, such as payroll and supplier costs. Appellee gave appellant $15,000 in cash and occasionally paid Faval's employees and creditors directly.

Although appellant had worked as a bookkeeper for 18 years for an oil company that had over 100 employees and more than $26 million in annual sales, she did not keep either a general ledger for Faval or accurate records of her personal and business transactions. In an effort to avoid a levy imposed by the Wisconsin Department of Revenue for unpaid income taxes, appellant dealt in cash as much as possible. Frequently, she converted appellee's checks into cash and cashier's checks made payable to herself rather than depositing the checks into a Faval account. She paid employees in cash about half of the time. As a result, appellant was unable to explain the disposition of much of appellee's money.

Even in situations in which appellant's lack of record keeping and her efforts to

avoid state taxes did not impair her ability to account for appellee's money directly, appellant engaged in questionable behavior. For example, appellant sent a potential investor a self-created financial statement for appellee that he neither saw nor approved. In another example, appellant contacted one of the banks that appellee had secured a loan for Faval and asked the bank to change the address from appellee's address to appellant's address. Appellant testified that she did so to save appellee the hassle of being notified when she was late in making a payment. Appellant never told appellee about her request; instead, the bank notified appellee because it needed his authorization to make such a change.

Appellant's lack of documentation coupled with her alleged inability to remember significant transactions left unanswered many questions about the expenditure of appellee's money. For example, appellant cashed the $20,000 check that appellee gave her at their initial meeting on January 14, 2000, and purchased three cashier's checks, which she used for repayment of a $6,500 personal loan, the café's $1,800 rent and payment to an employee of $4,000. However, appellant has no recollection of what she did with the remaining $7,700 and she has no records that would account for the money. Similarly, appellant is unable to recall why she wrote herself a check for $16,000 from a Faval bank account on April 7, 2000.

On February 12, 2002, appellant filed a Chapter 7 bankruptcy petition. On April 4, 2002, appellant's § 341 meeting took place. On May 15, 2002, appellee filed his adversary complaint, requesting relief under 11 U.S.C. § 523. On August 19, 2002, the bankruptcy court granted appellant's discharge. On February 11, 2003, the bankruptcy court revoked its earlier ruling and denied appellant's discharge under 11 U.S.C. § 727, giving rise to the present appeal.

## BANKRUPTCY JUDGE'S DECISION

The bankruptcy court held that appellee's § 523 claims failed because, among other things, appellee failed to prove that appellant had relied justifiably on the representations made by appellant, *see Field v. Mans*, 516 U.S. 59, 74–76, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995) (§ 523(a)(2)(A) requires justifiable reliance). As the bankruptcy court noted, appellee did not perform even a cursory investigation into appellant's management of Faval before lending her money, despite knowing that Faval could not pay its own bank debt at the time of the loans. Moreover, he continued to lend appellant money after she had failed to provide an accounting of the money he had lent her previously. The bankruptcy court found that appellee had not shown that appellant was acting in a fiduciary capacity or that her actions rose to the level of embezzlement under § 523(a)(4) or to the level of an intentional tort under § 523(a)(6).

Turning to appellee's request to amend the pleadings, the bankruptcy court granted the request, relying on Fed.R.Civ.P. 15(b) (Rule 7015), which requires the bankruptcy court to treat issues tried by express or implied consent of the parties as if they had been raised in the pleadings so long as the debtor has not been prejudiced.

The bankruptcy court listed three reasons for its decision to constructively amend the pleadings. First, it found that appellant had consented implicitly to the § 727 claims by introducing evidence at trial regarding § 727 issues and by failing to object to appellee's evidence related to

these issues. To support this finding, it cited *In the Matter of Prescott,* 805 F.2d 719, 725 (7th Cir.1986) ("To demonstrate lack of consent, the objection should be on the ground that the contested matter is 'not within the issues made by the pleadings.' ... Implied consent may also be found if the opposing party itself presents evidence on the matter.").

Second, the bankruptcy court found that appellant had not been prejudiced because the scope of discovery had provided her with adequate notice that she would be required to explain what she had done with appellee's money. Moreover, appellee's complaint contained an allegation that appellant had "failed and refused to provide [him] with an accounting of the monies which were taken by [appellant] and purported to be investing in Faval, Inc., or to provide an adequate accounting of the business activities and financial status of Faval, Inc." *See* App. Record, Cpt., dkt. # 2, at ¶ 11. Third, appellant had had ample opportunity at trial to explain where appellee's money had gone but was unable to do so. In the bankruptcy judge's opinion, earlier notice of the § 727 claims would not have changed appellant's presentation.

After allowing the constructive amendment of the pleadings to include § 727 issues, the bankruptcy court found that appellee had shown why appellant was not entitled to a discharge of any of her debts. However, the bankruptcy court had previously granted appellant a discharge and it could find no statutory authority for revoking that discharge. Believing that revocation was necessary to effectuate the provisions of the code that disentitled appellant to discharge and to prevent manifest injustice, the bankruptcy court invoked 11 U.S.C. § 105(a), which gives bankruptcy courts the equitable power to carry out the provisions of the Bankruptcy Act. *See*

*Kothe v. R.C. Taylor Trust,* 280 U.S. 224, 227, 50 S.Ct. 142, 74 L.Ed. 382 (1930) ("The broad purpose of the Bankruptcy Act is to bring about an equitable distribution of the bankrupt's estate among creditors holding just demands based upon adequate consideration.").

Exercising its equitable authority, the bankruptcy court ordered revocation and denial of appellant's discharge pursuant to 11 U.S.C. § 727(a)(2), (3) and (5). It held in the alternative that because it was the court's own inadvertent mistake that had resulted in the granting of appellant's discharge, it was proper to revoke and deny appellant's discharge after trial under § 727, pursuant to Bankr.R. 9024, which incorporates Fed.R.Civ.P. 60(b)'s provisions for relieving parties from final judgments or orders for reasons such as mistake, inadvertence, surprise, or excusable neglect, etc.

## OPINION

All of appellant's claims in this appeal turn on the question whether the bankruptcy court can revoke appellant's discharge pursuant to 11 U.S.C. § 727, even though appellee's complaint sought relief only as to the discharge of specific debts under 11 U.S.C. § 523. Under § 727, the bankruptcy court denies debtor's discharge entirely and his or her assets and future income remain subject to the claims of all creditors. 11 U.S.C. § 727(a); Epstein, Nickles and White, 2 *Bankruptcy: Practitioner Treatise Series* § 7–17 (1992). Section 727 provides that the debtor will be denied discharge if he or she concealed property within one year of filing, 11 U.S.C. § 727(a)(2)(A), failed to keep records necessary to ascertain his or her financial status, 11 U.S.C. § 727(a)(3), or failed to explain his or her losses in a satisfactory manner, 11 U.S.C. § 727(a)(5). In contrast, under § 523, only the particu-

lar debt from the moving creditor is "excepted" from the discharge. 11 U.S.C. § 523; 2 *Bankruptcy* § 7–17. Section 523 exempts debt to the extent that such debt was obtained by false pretenses, a false representation or actual fraud other than a statement representing the debtor's financial condition, 11 U.S.C. § 523(a)(2), fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny, 11 U.S.C. § 523(a)(4), or willful and malicious injury to the property of another, 11 U.S.C. § 523(a)(6).

### A. *Standard of Review*

In a bankruptcy appeal, issues of law are reviewed de novo; factual findings may be set aside only if they are clearly erroneous. Bankr.R. 8013. As appellant argues, review of the bankruptcy court's application of Fed.R.Civ.P. 15(b) is de novo. *In re Rivinius*, 977 F.2d 1171, 1175 (7th Cir.1992). To the extent that the bankruptcy court based its decision on its equitable powers pursuant to 11 U.S.C. § 105(a), a de novo standard applies in determining whether the bankruptcy code gives the bankruptcy court the discretionary authority to revoke a previous discharge and a clearly erroneous standard applies in reviewing the manner in which the discretion was exercised.

### B. *Bankruptcy Court's Authority to Consider § 727 Claims*

To determine whether the bankruptcy court had the authority to allow appellee's belated § 727 claim, it is necessary to analyze the interplay among the following bankruptcy rules and statutes: the time limit for filing an objection to discharge prescribed by Rule 4004; the court's authority to order the amendment of pleadings to conform with the evidence under Rule 15(b), as adopted by the Bankruptcy Code in Rule 7015; and the use of the concept of the relation back of pleadings under Rule 15(c) (Bankr.R. 7015(c)).

Rule 4004 provides that "[i]n a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors" and that "[o]n a motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to the discharge. The motion shall be filed before the time has expired." Bankr.R. 4004. Although the language may seem to make timely filing of a § 727 objection a jurisdictional prerequisite that the bankruptcy court cannot ignore, the Court of Appeals for the Seventh Circuit has held otherwise. In *In re Kontrick*, 295 F.3d 724 (7th Cir.2002), the court held that Rule 4004's time limitation is a statute of limitations subject to equitable doctrines. *Id.* at 733 & n. 4 (waiver, estoppel and equitable tolling applicable to Rule 4004 time limit); *see also In re Benedict*, 90 F.3d 50, 53–54 (2d Cir.1996) (Rule 4007's time limit is non-jurisdictional); *Farouki v. Emirates Bank International, Ltd.*, 14 F.3d 244, 248 (4th Cir.1994) (Rule 4004's time limit is non-jurisdictional); *In re Santos*, 112 B.R. 1001 (9th Cir. BAP 1990) ("deadlines for filing dischargeability complaints and objections to discharge set forth in Rules 4007(c) and 4004(a) are not jurisdictional time limits").

In *Kontrick*, 295 F.3d 724, the court of appeals explained why its decision did not conflict with the Supreme Court's holding in *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), that there is no good faith exception to the time limits for filing objections to a debtor's list of exempt property. In *Taylor*, the trustee had failed to object to an exemption the debtor had claimed for money she expected to be awarded in an

employment discrimination suit, despite the lack of any basis for the claimed exemption; only after the debtor prevailed in the suit did he come back to the bankruptcy court, seeking leave to file an untimely objection and arguing that the time limits should not be enforced strictly because they applied only to exemptions filed in good faith. The Supreme Court rejected the trustee's argument, holding that the Rule 4003(b) deadline was to be construed strictly and that there was no statutory basis for reading a good faith exception into the code. In *Kontrick*, the court of appeals read the holding in *Taylor* as distinguishable because the Court did not hold "that the debtor had an unlimited time in which to object to the trustee's untimely objection or that Rule 4003(b) was not subject to the usual equitable doctrines that apply to other deadlines and statutes of limitations." *Kontrick*, 295 F.3d at 734 n. 4.

The distinction between a jurisdictional prerequisite and a statute of limitations is important. If the time limits were jurisdictional, the bankruptcy court would have lacked the authority to entertain appellee's § 727 challenge. Because the limits are treated as a statute of limitations, the bankruptcy court could consider whether to allow amendment under Rule 7015(c), which allows the relation back of pleadings. Under this rule, amendments of pleadings relate back to the date of the original pleadings "when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth ... in the original pleading."

■ Appellant argues that Rule 15(c) does not apply in this case because a "§ 727 case is completely different from a § 523 case." Appellant's Reply, dkt. # 6, at 18. Although it is true that the elements of a § 727 claim are different from those that make up a § 523 claim, this distinction is irrelevant when considering whether the claims under § 727 arose from the same conduct, transaction or occurrence as that pleaded in the original complaint. Although the *legal theory* changed in this case, the *factual allegations* did not. *See* 3 *Moore's Federal Practice* § 15.19[1] ("The rationale of allowing an amendment to relate back is that once a party is notified of litigation involving a specific factual occurrence, the party has received all the notice and protection that the statute of limitations requires."). The complaint, discovery and entire trial focused on the whereabouts and use of the money appellee lent to appellant. The factual allegations have remained constant throughout the litigation. As is well established, "[c]ourts allow relation back when the new claim is based on the same facts as the original pleading and only changes the legal theory." *Id.* at § 15.19[2].

Appellant argues that the bankruptcy court never applied relation back under Rule 15(c), but the court's reliance on the concept is implicit from the record, even if the court did not refer to the rule explicitly. Had the court not relied on it, it would have had to find appellee's Rule 15(b) amendment untimely. In any event, even if the bankruptcy court failed to consider Rule 15(c)'s effect, this court can apply the rule if the facts of the case support it. *See In re Memorial Estates, Inc.,* 950 F.2d 1364, 1370 (7th Cir.1991) (appellate court may affirm on any basis supported by record).

■ The bankruptcy court relied on subsection (b) of Rule 15 to allow amendment of the claims. This rule provides that

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all

respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

The bankruptcy court's reliance on this rule was proper if the parties did consent, either explicitly or implicitly. The bankruptcy court found that appellant had consented, both by failing to object except in closing argument and by offering evidence relevant only to § 727 matters. The bankruptcy court was wrong about appellant's having objected only during closing argument. In fact, appellant filed an objection to exhibits and motion to strike in which she asked that certain documents be stricken because they seemed to have no relevancy, adding that "[t]his case is not about a Section 727 objection to discharge." App. Record, dkt. # 23, ¶ 5. She objected at trial during a discussion of the presentation of § 727 issues, Tr. Trans. at 254, asserting that she had had no warning that such issues would be heard at the adversary proceeding. She objected at another point in the trial, *id.* at 138, when appellee wanted to question appellee's accountant about her analysis of the source and disposition of funds that went to Faval or to appellant herself. Appellant argued that the testimony would not be relevant to any issue arising under § 523 and that it should not come into evidence on the ground of its relation to § 727.

The bankruptcy judge emphasized the importance of the form of the objection, noting that it must relate to specific issues that appellee raised and not just to appellee's position that appellant's behavior implicated both §§ 523 and 727. Mem. Dec. at 15. My review of the record suggests that appellant made an objection in proper form when she objected to the testimony of the accountant. Even if she did not, it seems anomalous to look to technicalities in determining that three objections during trial do not suffice to show appellant's lack of consent to a constructive amendment when appellee is allowed to prevail on his § 727 objection despite his failure to file it within the statutory time period.

■ Failure to object is not the only way in which a party may imply consent. She can do it by presenting evidence herself on the issues raised in the new amendment. The Court of Appeals for the Seventh Circuit has held that "[i]mplied consent may also be found if the opposing party itself presents evidence on the matter." *Prescott,* 805 F.2d at 725 (citing *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 457 (10th Cir.1982)); *see also* 6A Wright and Miller, *Federal Practice and Procedure* § 1493, at 24–28 ("consent generally is found when evidence is introduced without objection, or when the party opposing the motion to amend actually produced evidence bearing on the new issue"). The bankruptcy court found that appellant presented evidence that was relevant only to § 727 issues when she testified about her efforts to evade taxation by the Wisconsin Department of Revenue. I am less sure that she did. It is true that appellant's testimony about her efforts to evade detection and taxation by the state Department of Revenue was relevant to § 727 issues because it made it more probable that appellant had concealed Faval property within one year of filing, in violation of § 727(a)(2)(A), failed to keep records necessary to ascertain her financial status, § 727(a)(3), and failed to explain her losses in a satisfactory manner, § 727(a)(5). However, the testimony related to the § 523 determination as well. It was intended to respond to the

complaint's allegations that plaintiff was not entitled to discharge her debt to appellee because she was guilty of fraud and embezzlement.

■■■■ Under the Bankruptcy Code, embezzlement is the fraudulent appropriation of property by a person to whom such property was entrusted or into whose hands it lawfully came. *Pierce v. Pyritz,* 200 B.R. 203, 205 (N.D.Ill.1996); *In re Bevilacqua,* 53 B.R. 331, 333 (Bankr. S.D.N.Y.1985). Appellee had the burden of proving that appellant appropriated the funds for her own benefit and that she did so with fraudulent intent or deceit. *Pierce,* 200 B.R. at 205; *Bevilacqua,* 53 B.R. at 334. Appellant's testimony about the use to which she put the cash is relevant to her defense to appellee's claim of embezzlement under § 523. If appellant used the money for restaurant purposes, such as paying waitresses, she was not embezzling. Her reasoning about the use of cash for wage payments is defective (and possibly criminal as well) but her testimony does tend to disprove appellee's assertion that she embezzled the money he gave her to use in her business.

■■■■ Although it is questionable whether the bankruptcy judge was correct in finding that appellant failed to object properly and that she had no evidence that was relevant only to § 727 matters, "[t]he test for [whether the issue has been tried by the express or implicit consent of the parties] is 'whether the opposing party had a fair opportunity to defend and whether he could have presented additional evidence had he known sooner the substance of the amendment.'" *Prescott,* 805 F.2d at 728 (quoting *Hardin,* 691 F.2d at 456).

As the bankruptcy court found, appellant had adequate notice that she would have to explain what she did with appellee's money. Appellee alleged in his complaint that appellant had refused to pro-vide him with an accounting of the money or an adequate accounting of the business activities and financial status of Faval. Moreover, at both of her depositions, appellee questioned appellant at length about what she had done with the money and the extent to which she had kept business and personal records.

In its decision revoking and denying appellant's discharge, the bankruptcy court questioned whether appellant could have offered any additional evidence to refute appellee's § 727 allegations given the fact that she had had an opportunity at trial to explain the disappearance of the money and could not do so because of her lack of proper record keeping. Such evidence is essential to establishing that appellant has been prejudiced.

Notwithstanding the bankruptcy court's conjecture in its opinion, on appeal, appellant has not pointed to *any* evidence that she could have offered to explain where she had spent the money. Instead, she argues, first, that she was prejudiced because she had been granted a discharge and was entitled to rely on that discharge and second, that although she had been asked on both direct and cross examination what she had done with specific cashier's checks, "it would have taken too long" to look through her business records and would have delayed the trial. Neither argument supplies the missing evidence of prejudice.

■■■■ In essence, appellant argues that she has suffered prejudice simply because of a change in legal theory. Such an argument is misplaced. "In opposing a Rule 15(b) amendment, 'a party cannot normally show that it suffered prejudice simply because of a change in its opponent's legal theory. Instead, a party's failure to plead an issue it later presented must have disadvantaged its opponent in presenting its

913

case." ' *Cruz v. Coach Stores, Inc.,* 202 F.3d 560, 569 (2d Cir.2000) (quoting *New York State Elec. & Gas Corp. v. Secretary of Labor,* 88 F.3d 98, 104 (2d Cir.1996)). Without any showing that appellant could have produced additional evidence on the § 727 issues had she known the substance of the amendment sooner, appellant cannot establish that she suffered any prejudice.

Finally, appellant argues that *In re Ray,* 49 B.R. 545 (Bankr.D.Hawai'i 1985), and *In re Warren,* 20 B.R. 900 (Bankr.D.Me. 1982), support her position that the bankruptcy judge acted improperly in allowing constructive amendment to bring up § 727 issues. In both cases, the bankruptcy courts denied a creditor's motion to amend its complaint to seek the denial of discharge under § 727 when the creditor had sought originally simply to deny the discharge of specific debts under § 523. The bankruptcy courts held that the earlier-filed complaints would not have given the debtor notice of a potential § 727 claim. In this case, by contrast, the bankruptcy court found that appellee's complaint and the scope of discovery gave appellant notice of the potential § 727 claims from the outset and that it would be the creditor (appellee) who would incur the injustice if the amendment were denied. Moreover, it does not appear that in either *Ray* or *Warren* the bankruptcy court treated Rule 4004 as a statute of limitations subject to equitable defenses. *Cf. Kontrick,* 295 F.3d at 724. Rather, both courts seem to have treated the rule's time limits as a hard-and-fast jurisdictional prerequisite.

The cited cases differ from this one in additional respects. In *Warren,* 20 B.R. 900, the creditor's motion to amend was brought under Rule 15(a), prior to trial, and not under Rule 15(b) as a motion to amend the pleadings to conform to the evidence. In *Ray,* 49 B.R. 545, there is no indication that the creditor gave the debtor any notice that he would be asserting § 727 issues before he made his motion to amend after the debtor had rested. Finally, neither the *Ray* nor *Warren* opinion contains any discussion of the interplay of Rule 4004, Rule 15(b) and Rule 15(c). Moreover, although *Ray* concerned a Rule 15(b) amendment, the opinion contains little or no analysis and fails to cite any case law other than *Warren,* which addressed a dispute regarding Rule 15(a), not 15(b). For these reasons, I do not find the holding in either case persuasive.

I conclude that the bankruptcy court acted properly in utilizing the provisions of Bankr.R. 7015 to allow appellee to amend his pleadings to assert grounds for denial of discharge pursuant to § 727. Appellant has not shown that she was prejudiced by the amendment of the pleadings. The § 727 claims arose from the same conduct, transaction or occurrence as those pleaded in the original complaint. Therefore they can relate back to the original pleading for purposes of Rule 4004's statute of limitations.

### C. The Bankruptcy Court's Authority to Revoke Appellant's Discharge

■ Recognizing that the Bankruptcy Code did not provide a basis for revoking appellant's early granted discharge in this situation, the bankruptcy judge exercised the court's equitable powers under § 105(a) to revoke that discharge in order to prevent manifest injustice. He found that appellant's conduct merited a denial of her discharge under § 727(a)(2), (3) and (5), but that he could not use § 727(d) to support revocation because appellee had not shown that appellant had acted in a way that violated any of the provisions of that subsection, such as obtaining her discharge through fraud or refusing to obey a lawful order of the court. The bankruptcy judge saw § 105(a) as "perhaps the only way to enforce the Code provisions requir-

ing denial of [appellant's] discharge and ensure that [appellee] receives the judgment to which he is entitled." Mem. Dec. at 25.

Rule 105(a) provides that

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

 It is well established that "[§ 105(a)] powers may be exercised only 'within the confines of the Bankruptcy Code,'" *Matter of Lloyd,* 37 F.3d 271, 275 (7th Cir.1994) (quoting *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988)), and that "a bankruptcy court 'cannot use its equitable powers to circumvent the law.'" *Matter of Greenig,* 152 F.3d 631, 635 (7th Cir.1998) (quoting *Carlson v. United States,* 126 F.3d 915, 920 (7th Cir.1997)). "The bankruptcy court does not have 'free-floating discretion,' to create rights outside the Code, *In the Matter of Chicago, Milwaukee, St. Paul and Pacific R.R. Co.,* 791 F.2d 524, 528 (7th Cir.1986), but the court may exercise its equitable powers in a manner consistent with the Code." *Lloyd,* 37 F.3d at 275; *see also Greenig,* 152 F.3d at 635.

In *Greenig,* 152 F.3d at 634, the court of appeals held that the bankruptcy court had exercised its equitable powers improperly by allowing the creditor to file a proof of claim beyond the 90–day time limit imposed by Rule 3002(c), when no exception applied that would have permitted the late filing. The bankruptcy court pointed out that the debtors had listed the creditor in their Chapter 12 reorganization plans, entitling the creditor to rely upon the treatment accorded it in those plans, and that they had shortened the claims allowance process by submitting a plan before the deadline for filing proofs of claim. The district court reversed the bankruptcy court. The court of appeals affirmed, holding that a bankruptcy court could not wield its equitable powers simply to prevent windfalls to debtors or grave injustices to creditors. *Id.* at 635.

This case is distinguishable from *Greenig* because the bankruptcy court did not use its equitable powers to allow the circumvention of a bankruptcy rule. Instead the court used those powers to vacate a previous discharge in order to carry out other provisions of the Bankruptcy Code.

 Although the bankruptcy court revoked appellant's discharge, rather than denying the discharge at the outset, the comments of the Court of Appeals for the Seventh Circuit are relevant to either revocation or denial of discharge. In *In re Suttles,* 819 F.2d 764, 766 (7th Cir.1987), the court stated that "the Bankruptcy Code was meant to discharge only an honest debtor from his or her debts … and that the Code 'should be liberally applied to protect the [debtor] only in those cases where there is *no intent* to violate its provisions.'" (quoting *Matter of Garman,* 643 F.2d 1252, 1257 (7th Cir.1980)). "The general rule is that the right to a discharge is left to the sound discretion of the bankruptcy court." *Id.* (citing *Stout v. Prussel,* 691 F.2d 859, 861 (9th Cir.1982)). "[A]n appellate court will not interfere with the decision of a bankruptcy court to grant a discharge unless there is a 'gross abuse of discretion.'" *Id.* (quoting *Shaver v. Shaver,* 736 F.2d 1314, 1316 (9th Cir. 1984)).

Appellant contends that she had a property interest in her discharge and that she was deprived of this right when the bankruptcy court revoked the discharge without notice. Assuming for the sake of argument that appellant is correct about her characterization of her interest in her discharge, the bankruptcy court gave her all the process she was due before revoking the discharge. As the court found, appellant had notice of the potential § 727 claims in the complaint and in discovery and she had an adequate opportunity to be heard on those issues, as confirmed by her inability to show that she has any evidence that she did not introduce at the adversary hearing.

I conclude that it was proper for the bankruptcy court to use its equitable powers under § 105(a) to revoke appellant's discharge and achieve a just result. Doing so did not create rights outside the code or exceed its confines. In exercising its powers, the bankruptcy court did not act clearly erroneously. Ample evidence supported the conclusion that appellant's conduct merited a revocation of discharge pursuant to § 727(a)(2), (3) and (5).

Because all the issues in this appeal turn on the answers to the same questions, whether it was proper for the bankruptcy court to amend the pleadings to include § 727 issues and to exercise its discretionary powers to revoke appellant's discharge, I will affirm the bankruptcy court's decision in all respects. This conclusion makes it unnecessary to determine the propriety of the bankruptcy court's choice of Fed. R. Bankr.P. 9024 as an alternative basis for revoking the discharge.

### ORDER

IT IS ORDERED that the decision of the United States Bankruptcy Court for the Western District of Wisconsin to (1) amend the pleadings to conform to the 11 U.S.C. § 727 issues presented at trial; (2) admit evidence pertaining to the 11 U.S.C. § 727 claims; (3) revoke appellant's discharge under its equitable powers under 11 U.S.C. § 105(a); and (4) enter judgment in the amount of $657,700 in favor of appellee Robert E. Disch under 11 U.S.C. § 727 is AFFIRMED.